# Richmond.

## HARRISS, MAGILL & COMPANY, INC. v. LATHAM-BRADSHAW COTTON COMPANY.

### October 1, 1925.

1. CONTRACTS—*Parol Evidence—Whether Parol Contract was Entered into is for the Jury—Case at Bar.*—In the instant case, plaintiff, a shipper, set up as its cause of action an agreement on the part of defendant, a shipping agent, to pay the cost of extra insurance, caused by the age of the steamer upon which plaintiff's goods were shipped, in excess of the usual limit. This was denied by the defendant, but there was a direct conflict in the evidence as to the making of such an agreement, and whether or not the agreement was to be inferred from the evidence was a question for the determination of the jury.

2. CONTRACTS—*Parol Evidence—Shipping Agent's Agreement to Pay Extra Insurance—Case at Bar.*—In the instant case parol evidence was held admissible to prove that defendant, a shipping agent, had agreed to pay the cost of extra insurance caused by the age of the steamer in which plaintiff's goods were shipped, in excess of the usual limit, the action not being on the written contract of affreightment nor against the shipping agent's principal, the ship owner, bound by such contract.

3. CONTRACTS—*Shipping Agent's Agreement to Pay Extra Insurance—Parol or Written Contract—Case at Bar.*—If in the instant case there had been a written contract between the parties, a shipping agent and a shipper, by which the defendant, the shipping agent, undertook in terms to pay the extra cost of insurance, because of the age of the vessel, an action of assumpsit could have been maintained upon it. That right of action would not rest upon the fact that the agreement was in writing, but generally upon the allegation that the defendant in its own right has assumed to pay the extra insurance. Such a written agreement would have been entirely distinct and separate from the written contract made for the principals, the shipper and ship owner, although collateral to it. The fact therefore whether or not such a collateral agreement is in writing or remains in parol is immaterial to the right of either party to sue upon it.

Error to a judgment of the Circuit Court of the city of Norfolk, in a proceeding by attachment. Judgment for plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Hughes, Vandevanter & Eggleston* and *Otis Beall Kent,* for the plaintiff in error.

*Baird, White & Lanning,* for the defendant in error.

CRUMP, P., delivered the opinion of the court.

In this case the proceeding was commenced upon a petition for an attachment filed by Latham-Bradshaw Cotton Company against Harris, Magill & Company, Incorporated, as principal defendant. The principal defendant to the petition undertook to engage freight room in the steamer Frances L. Skinner on the same voyage to Bremen out of which the controversy in the case brought in the lower court by John H. Rodgers & Company arose, and in which the opinion of this court was handed down today.

[1, 2] As in the case just mentioned, the plaintiff in the instant case set up as its cause of action an agreement on the part of the defendant to pay the cost of extra insurance, caused by the age of the steamer, in excess of the usual limit. The petition alleges that the defendant agreed to pay petitioner "the difference between the cost of insuring cotton cargo on said steamer, and what that cost would have been if said steamer had been less than fifteen years old." This was denied by the defendant in its answer and otherwise the same defenses made as in the *John H. Rodgers & Company Case.*

There was a direct conflict in the evidence as to the making of such an agreement, but whether or not it was to be inferred from the evidence that such a parol agreement was made presented a question for the determination of the jury. Touching the right of the plaintiff to introduce, and maintain his action upon, oral evidence to sustain its allegation that the defendant had assumed payment of the extra insurance, the freight contracts and bills of lading were to the same effect as in the *John H. Rodgers & Company Case*. For the reason given by the court in that case, we are of opinion that the proceeding not being on the written contract nor against the principals bound by such contract, the plaintiff can prove his alleged agreement by parol evidence.

[3] If there had been a written contract between th · parties to this action, by which the defendant unde took in terms to pay the extra cost of insurance, an action of assumpsit could have been maintained upon it. That right of action would not rest upon the fact that the agreement was in writing, but generally upon the allegation that the defendant in its own right had assumed to pay the extra insurance. Such a written agreement would have been entirely distinct and separate from the written contract made for the principals, although collateral to it. The fact, therefore, whether or not such a collateral agreement is in writing or remains in parol is immaterial to the right of either party to sue upon it.

This case is controlled by the decision in the case of *Harriss, Magill & Company, Inc.* v. *John H. Rodgers & Company, post*, p. 815 129 S. E. 513, and the judgment of the trial court will therefore be affirmed.

*Affirmed.*

814 Harriss, Magill Co. v. Lat.-Brad. Co., 143 Va. 811

Dissenting Opinion.

CHRISTIAN, J., dissenting:

In this case the agent of Latham-Bradshaw Company claim Harriss, Magill & Company's agent in the parol negotiations for carriage of the cotton to Bremen on the Skinner assured him that the steamer was a first class insurance risk, but this warranty was not included in the subsequent written contract for freight room or the bill of lading. The majority of the court affirm the judgment in this case for reasons set forth in their opinion rendered today in the case of *Harriss, Magill & Company, Inc.* v. *John H. Rodgers & Company, post,* p. 815, 129 S. E. 513.

The evidence and rulings of the court in the instant case was different from that case, in that a parol warranty was admitted on the trial to contradict, vary and add to, the written contract and bills of lading, and upon this illegal evidence the verdict of the jury and judgment of the court alone is based.

I must dissent from this decision and cite as my reasons therefor my dissenting opinion in the case of *Harris, Magill & Company, Inc.* v. *John H. Rodgers & Company,* handed down today, which demonstrates that the parol evidence rule is still the settled law in Virginia.